UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LASHON HALL, | No. 2:23-cv-0680 DB P |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER GARY, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil right action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that prison officials failed to take action following an assault on a non-party correctional officer.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his amended complaint[1] (ECF No. 4) for screening.  For the reasons set forth below, the court will direct plaintiff to submit a certified copy of his inmate trust account statement and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2).  However, plaintiff has not filed a certified copy of his inmate trust account

---

[1] Plaintiff filed a first amended complaint approximately one week after submitting the original complaint.  (ECF No. 4).  An amended complaint supersedes any prior pleading.  Therefore, the court will screen the amended complaint.

1

statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). The court will grant plaintiff an opportunity to submit a certified copy of his inmate trust account statement.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred at California Medical Facility. (ECF No. 4 at 3.) He has identified Warden Jennifer Gary, Lieutenant Warden B. Barry, Warden Kavelo, and Warden Daniel E. Cueva as defendants in this action. (Id. at 1-2.)

> California Medical Facility inmates raped, beat, threatened and Brutally Assaulted my Grice [sic] of 8 years Ms. Shaunice [illegible] a correctional officer employed at the facility due to negligence willfully disregarding protocol. The offense took place February 2nd 2022 on her 2nd watch shift at the 2nd floor grid gate taking place in the ACO medical basement floor of CMF by gang members Kevin "Kait" Tavison and Alexander "Lo'vey Boy" Prado of the east Oland

3

> and Lancaster gangs of California. No one helped but me who ultimately saved her life, even the ISU Dept. and Grievance Proceeding failed.

(Id. at 3.) In the portion of the complaint form instructing plaintiff to state the relief requested, plaintiff states:

> Due to severe conditioning with the brain trauma of my wife I'm asking for 2,840,000 for mental anguish racial Asian Discrimination psychological stress and depression (PTSD) medical/mental health malpractice major depression, property theft, mail loss, schizophrenia, (ADHD), harassment, sexual assault, rape, sexual battery on a peace officer, stalking prison conditions ISU failure to comply.

(Id. at 3.)

### III. Does Plaintiff State a Claim under § 1983?

The allegations in the complaint relate to a February 2, 2022 incident where a non-party correctional officer was assaulted by inmates. (ECF No. 4 at 3.)

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" or "Controversies." U.S. Const. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiff [] 'must establish that [he has] standing to sue.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). In order to have standing a plaintiff must state facts showing that they (1) suffered an "injury in fact" – an invasion of a legal protected interest which is both concrete and particularized and actual or imminent; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff "must 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1986) (citing Valley Forge Christian College v. Americans United, 454 U.S. 464, 472 (1982)). Plaintiff's allegations do not demonstrate how plaintiff "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1985) (quoting Valley Forge Christian College v.

Americans United, 454 U.S. 464, 472 (1982)).  Thus, plaintiff lacks standing to bring a suit based on harm done to another person.  Warth v. Seldin, 422 U.S. 490, 499 (1975) (To have standing plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties."); Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (a party is required to assert its own rights and interests not those of third parties) (citations omitted).  Moreover, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008).

The court notes that the original complaint contained allegations that he lost property when he was placed in a segregated housing unit and his incoming mail was opened.  (ECF No. 1 at 4.)  However, those allegations were not included in the first amended complaint.  (ECF No. 4.)  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Further, the complaint does not contain allegations showing how any of the defendants caused or participated in the alleged rights violations.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  In any amended complaint, plaintiff must state facts explaining what action, or inaction, each named defendant took that violated his rights.

## AMENDING THE COMPLAINT

As set forth above, the complaint does not allege a cognizable claim.  However, plaintiff will be given the opportunity to amend the complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

////

That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint within thirty days of the date of service of this order.

2. Plaintiff's first amended complaint (ECF No. 4) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 25, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hall0680.scrn