UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LASHON HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER GARY, et al.,<br><br>    Defendants. | No.  2:23-cv-0680 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state inmate proceeding pro se with a civil right action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that prison officials failed to take action following an assault on a non-party correctional officer.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No.11) and his second amended complaint (ECF No. 10) for screening.  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and recommend the complaint be dismissed without leave to amend.

**IN FORMA PAUPERS**

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 11.)  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred at California Medical Facility. (ECF No. 10 at 1, 3.) He has identified Warden Jennifer Gary as the sole defendant in the amended complaint. (Id. at 1, 2.)

Plaintiff states he was transferred to a different cell on an unspecified date. (Id. at 3.) He claims that correctional officer Webb did not pack plaintiff's personal telephone numbers,

3

1  addresses, or property.  He also alleges important mail and documents were stolen.  He further
2  states that he "now suffer[s] from P.T.S.D., overmedication from Haldol, Abilify, and numerous
3  other medications, mental anguish, psyc[h]ological stress, harassment, paranoid schizophrenia,
4  ADHD, and severe depression due to having to grieve this correctional officer Webb of S Unit 1st
5  [floor] CMF my wifes [sic] troubles of Rape and Assault etc."  (Id.)

6  Plaintiff states "mail loss and tampering was done by the officers of S Unit 1st FLR.
7  Officer Webb and his Floor Sgt. Both are corrections officer of S Unit 1st floor California
8  Medical Facility and know exactly what Documents [plaintiff] attained while on that unit as an
9  EOP Prisoner."  (Id. at 4.)

10  Plaintiff again raises allegations related to an individual identified as his "wife/fiancé."
11  (Id. at 5.)   He states "two inmates raped, beat, threatened, and brutally assaulted [his] fiancé of 8
12  years, correctional officer Mrs. Janice Peralta employed" at CMF.  (Id.)  He states this took place
13  on February 2, 2022, on second watch shift, at the second-floor grid gate.  (Id.)

### III. Failure to State a Claim

#### A. Loss of Property

Plaintiff states that he lost property when he was transferred from one housing unit to another within CMF.  (ECF No. 10 at 3-4.)  The court notes that plaintiff has not named the officer he states was responsible for the property deprivation as a defendant in the amended complaint.

The Due Process Clause protects prisoners from being deprived of property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prisoners have a protected interest in their personal property.  Hansen v. May, 502 U.S. F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir. 1985).  However, neither negligent nor unauthorized "intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 n.14 (1984).  California provides an adequate post-deprivation remedy for negligent

4

1   deprivations of property.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal.
2   Gov't Code §§ 810-95).
3        The property deprivation alleged in the complaint was an unauthorized deprivation.  As
4   such, it is not actionable because California provides an adequate post-deprivation remedy.
5   Hudson, 468 U.S. at 533 n.14; Barnett, 31 F.3d at 816-17.  Thus, these allegations fail to state a
6   cognizable claim.

### B.  Case or Controversy Requirement

8        As plaintiff was previously advised (ECF No. 7 at 4), article III of the Constitution limits
9   the jurisdiction of federal courts to actual "Cases" or "Controversies."  U.S. Const. art. III, § 2.
10  "'One element of the case-or-controversy requirement' is that plaintiff [] 'must establish that [he
11  has] standing to sue.'"  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (quoting Raines
12  v. Byrd, 521 U.S. 811, 818 (1997)).  In order to have standing a plaintiff must state facts showing
13  that they (1) suffered an "injury in fact" – an invasion of a legal protected interest which is both
14  concrete and particularized and actual or imminent; (2) there is a "causal connection between the
15  injury and the conduct complained of"; and (3) it must be likely that the injury will be redressed
16  by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Plaintiff
17  "must 'show that he personally has suffered some actual or threatened injury as a result of the
18  putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the
19  challenged action' and 'is likely to be redressed by a favorable decision.'"  Darring v. Kincheloe,
20  783 F.2d 874, 877 (9th Cir. 1986) (citing Valley Forge Christian College v. Americans United,
21  454 U.S. 464, 472 (1982)).
22       Plaintiff's allegations regarding Mrs. Peralta do not demonstrate that he "personally has
23  suffered some actual or threatened injury as a result of the putatively illegal conduct of the
24  defendant." Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1985) (quoting Valley Forge
25  Christian College v. Americans United, 454 U.S. 464, 472 (1982)).  Thus, plaintiff lacks standing
26  to bring a suit based on harm done to another person.  Warth v. Seldin, 422 U.S. 490, 499 (1975)
27  (To have standing plaintiff "must assert his own legal rights and interests, and cannot rest his
28  claim to relief on the legal rights and interests of third parties."); Halet v. Wend Inv. Co., 672

1   F.2d 1305, 1308 (9th Cir. 1982) (a party is required to assert its own rights and interests not those
2   of third parties) (citations omitted).  Moreover, pro se plaintiffs are prohibited from pursuing
3   claims on behalf of others in a representative capacity.  Simon v. Hartford Life, Inc., 546 F.3d
4   661, 664-65 (9th Cir. 2008).  Accordingly, this claim is not cognizable.

### C.  No Allegations Against the Sole Named Defendant

As in the first amended complaint, the second amended complaint does not contain allegations showing how the named defendant, Warden Gary, caused or participated in the alleged rights violations.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff was previously advised (ECF No. 7 at 5) that in order to state a claim, plaintiff must allege facts showing that his rights were violated, and the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).  The amended complaint does not contain any allegations explaining how Warden Gary was involved in the alleged rights violations and thus, it fails to state a claim against the sole named defendant.

### IV.    No Leave to Amend

As set forth above, plaintiff has not alleged facts sufficient to state a cognizable claim. The court will recommend that plaintiff's amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 10088 (9th Cir. 2009) (internal citations marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had

1  discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428,
2  overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007);
3  Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to
4  amend appropriate where further amendment would be futile).

Plaintiff was previously advised of the need to connect the allegations to a named defendant, as well as article III's case or controversy requirement. (ECF No. 7 at 4-5.) As explained above, plaintiff failed to correct the deficiencies in the second amended complaint. Additionally, plaintiff's property deprivation claim cannot be cured by further amendment because California provides an adequate post-deprivation remedy. Thus, the undersigned is convinced that further amendment would be futile. Accordingly, the undersigned will recommend that the complaint be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The Clerk of the Court is directed to randomly assign this action to a United States District Judge

IT IS HEREBY RECOMMENDED that the second amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hall0680.scrn2